# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHEN WOODWORTH,

    Plaintiff,

v.                                                                       CASE NO. 8:18-cv-747-T-26TGW

CITY OF ST. PETERSBURG, FLORIDA;
and KENNETH PIENIK,

    Defendants.
_____/

# O R D E R

**BEFORE THE COURT** is Defendant, City of St. Petersburg's, Dispositive Motion to Dismiss Count II of the Amended Complaint (Dkt. 12), and Plaintiff's Response in Opposition (Dkt. 16). After careful consideration of the allegations of Count II of the Amended Complaint (Dkt. 10), the arguments, and the applicable law, the Court concludes the motion is due to be granted.

Count II seeks § 1983 liability and damages against the City of St. Petersburg (the City) for Fourth Amendment violations including excessive force in the arrest of Stephen Woodworth on the night of January 31, 2014. The allegations of this count, which this Court must accept as true, are as follows. Mr. Woodworth was parked in a public parking lot adjacent to a community pool. A security guard called the police for a "welfare check" on Mr. Woodworth. Two officers responded, Mr. Woodworth refused medical

care, and the two officers summoned the DUI unit. Officers Pienik and Carter with the DUI unit arrived, and Officer Pienik began questioning Mr. Woodworth.

Although Mr. Woodworth did not threaten or pose any physical resistance to him, Officer Pienik became impatient and aggressive in his questioning. When Mr. Woodworth asked to speak with the officer's supervisor, Officer Pienik began shouting obscenities, threw a clipboard to the ground, grabbed Mr. Woodworth, and "violently" threw him to the ground. He hit the concrete hard, rolled to the prone position, and appeared to fall in and out of consciousness. Officer Carter unsuccessfully attempted to shoot him with a taser. Officer Pienik then stepped in and shot him in the back with a taser. None of the three officers watching expressed disapproval or attempted to stop Officer Pienik, either when he threw Mr. Woodworth to the ground or when he tased him.[1] Plaintiff's counsel is in possession of a videotape of the entire incident.

Plaintiff alleges in Count II that the two unconstitutional uses of unreasonable force — the "violent take-down" and the successful discharge of the taser to a non-resisting victim – "stemmed from the policies, customs, or usages of the City." Because none of the three officers at the scene intervened to stop Officer Pienik at either of the inflictions of force, the scenario represented "unwritten but *de facto* policies, customs and usages" of the City's police department.[2] Those policies were "the moving force of the

---

[1] Officer Carter would have inflicted severe pain to a prone, half-conscious Mr. Woodworth with his taser had it not malfunctioned.

[2] See docket 10, ¶ 32.

constitutional violations."[3] There are no allegations pertaining to other incidents of use of unconstitutional, unreasonable force.

The City contends that the amended complaint alleges only a single incident of a Fourth Amendment violation, which cannot establish proof of a custom, policy or practice under <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." <u>Connick v. Thompson</u>, 563 U.S. 51, 61, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (citations omitted). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability" under <u>Monell</u>. <u>Craig v. Floyd Cnty., Ga.</u>, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985) (plurality)); <u>Grech v. Clayton Cnty., Ga.</u>, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003). The custom must be so pervasive and longstanding that the officials "must have known about it but failed to stop it." <u>Craig</u>, 643 F.3d at 1310 (citation omitted).

As noted above, a single episode of unconstitutional behavior, no matter how horrendous, does not constitute proof of the policy itself. <u>See also</u> <u>Martin v. City of Macon, Ga.</u>, 702 F.App'x 941 (11th Cir. 2017) (unpublished) (affirming summary judgment that city was not liable under § 1983 for unconstitutional actions of police

---

[3] See docket 10, ¶ 32.

officer where no official policy called for officer to handcuff eight-year old boy in boy's apartment as a way to show him not to throw things at animals, and that there was no policy to always handcuff while conducting police investigation or to handcuff under these circumstances). At least two district court cases have relied on Martin in addressing whether a complaint states a claim for relief for § 1983 municipal liability. See Stryker v. City of Homewood, 2017 WL 3191097 (N.D. Ala. Jul. 28, 2017); Riha ex rel. I.C. v. Polk Cnty. Sch. Dist., 2017 WL 2986227 (M.D. Fla. Jul. 13, 2017).

The complaint in Riha alleged that one bus driver and one bus attendant failed to notice one sleeping, special needs child on the school bus on two different mornings. Riha ex rel. I.C. v. Polk Cnty. Sch. Dist., 2017 WL 2986227 (M.D. Fla. Jul. 13, 2017). The child eventually awoke, found a way off the locked bus, and walked home. The school did not report the absences to the parent. In dismissing the count, the court noted there were "no allegations that the driver left another child in a locked bus or that any other driver left any child in a locked bus." Neither was it alleged that there was a pattern of leaving special needs children on buses, which the school board knew of and deliberately disregarded. The conclusory allegations that the school board had certain persistent and widespread customs were insufficient.

In Stryker, the count for § 1983 liability against the city survived a motion to dismiss. Numerous paragraphs referred to the "large number of reports" to the city concerning the police officers' use of excessive force, the police officers' omission of key

facts in their routine reports to justify the force used, the supervisors' cursory review of such reports, the numerous claims and lawsuits filed against the police officers, and the police chiefs' failure to have excessive force complaints investigated by internal affairs. The allegations were found to adequately set forth the city's knowledge of the culture and knowledge of the previous incidents of excessive force.

Count II against the City alleges one single instance. There is no reference to other similar complaints or acts of excessive force against the City or its police officers. There is no hint that the City had knowledge of any culture of using excessive force. While the conduct alleged may be reprehensible, the one single instance, without more, will not bestow knowledge or deliberate indifference to the City. Plaintiff's argument that the silence and perceived approval on the part of the officers standing by in this egregious situation is sufficient to allege the necessary custom, policy, or practice on the part of the City, does not overcome <u>Monell</u>. By alleging compliance of the officers in this single instance, Plaintiff argues that the officers would not have acted in such conformity had excessive force not been meted out on a regular basis. He argues that the heightened pleading standard no longer employed in § 1983 cases should not be incorrectly applied to this case. See <u>Hoefling v. City of Miami</u>, 811 F.3d 1271, 1275-76 (11th Cir. 2016) (explaining there is no longer a heightened pleading standard in § 1983 cases). That the law requires more than a single instance to establish a custom, policy, or practice on the part of a municipality, however, does not equate to a heightened pleading standard.

It is therefore **ORDERED AND ADJUDGED** that Defendant, City of St. Petersburg's, Dispositive Motion to Dismiss Count II of the Amended Complaint (Dkt. 12) is **GRANTED.** Count II of the Amended Complaint is dismissed. This case will proceed on the remaining counts.

**DONE AND ORDERED** at Tampa, Florida, on May 17, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record